Mario Pittoni, J.
Defendant’s motion to dismiss the complaint for failure to prosecute is granted.
There is no answering affidavit of merit on the issues (Moebus v. Paul Tishman Co., 5 A D 2d 786 [2d Dept.] ; Birch v. Wolper, 1 A D 2d 1028 [2d Dept.] ; and a belated filing of a note of issue does not excuse past neglect in prosecuting the action (Giovannucci v. Brooklyn & Richmond Ferry Co., 278 App. Div. 861 [2d Dept.] ; Lange v. Bagish, 285 App. Div. 833 [2d Dept.]). The excuses for the delay: that the defendant’s requests that the ease be noticed for trial coincided with certain disruptive factors in the plaintiff’s office, such as (1) an associate working on this matter unexpectedly terminated his employment, (2) his part-time secretary resigned, and (3) his position as counsel to an assemblyman required his presence in Albany the first three days of the week during the legislative session in Albany, are lacking in merit. Such legislative sessions begin the first Wednesday in January and generally last until sometime in March. Issue was joined April 20, 1960. Correspondence between the respective attorneys gave the plaintiff’s attorney ample notice and demand to notice the case for trial. In short, the delay was due to a disease with which some lawyers are afflicted—procrastination.